05-20297.o17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 05-20297-CIV-COOKE

CANON LATIN AMERICA, INC.,

    Plaintiff,

vs.

LANTECH (CR), S.A.,

    Defendant.

_____/

## ORDER AND NOTICE OF HEARING RE: MOTION TO DEEM REQUESTS FOR ADMISSIONS ADMITTED

**This matter** is before this Court on Plaintiff...'s Motion to Deem Its Requests for Admissions ...Admitted... and for Contempt Sanctions, filed December 18, 2007. The Court has considered the motion, the response, the reply, and all pertinent materials in the file.

In almost 16 years on this Court and the almost twenty years as a trial lawyer before, this Court has never seen the behavior as exhibited by the defense in this case. However, as a preliminary matter the Court must address plaintiff's persistent unwillingness to comply with Local Rule 7.1.A.3.

There is in this motion a "Certification of Counsel" (page 13 of the motion). It cites a <u>California</u> case as authority for claiming that counsel need not comply with a local rule of the Southern District of <u>Florida</u>. That case addresses FRCP 37 concerning discovery. It says nothing that would change, or alter, much less eliminate the requirement to comply with Local Rule 7.1.A.3 - which applies to numerous motions that have nothing to do with discovery - and contains certain

1

exceptions ... this motion not being one of them. Plaintiff has been warned on multiple occasions about compliance with this rule but has steadfastly either ignored it or, for some unknown reason, sought ways around it.

This Court recognizes the possibility that a pre-filing conference regarding this motion might be a waste of time, but it probably would have taken no more time than the research done to find the California case cited. In any event, and so there is no mistake - further failures to properly comply with the local rules shall result in the denial of motions - and said denial will not be without prejudice.

Turning to this motion - which the Court will not deny on the basis of Local Rule 7.1.A.3, Fed.R.Civ.P. 36(a) provides that requested matters are "admitted" if not answered or objected to within the time required by the Rule. Accordingly, the requests for admission are, as of this time, "admitted." The Court therefore construes Lantech's Response as a motion for withdrawal of the admissions pursuant to Fed.R.Civ.P. 36(b). In ruling on such a request, the Court must consider two factors: (1) whether the withdrawal will subserve the presentation of the merits and (2) whether the withdrawal will prejudice the party who obtained the admissions in its presentation of the case. Perez v. Miami-Dade County, 297 F.3d 1255, 1264 (11th Cir. 2002).

The position of the defendant is, to put it mildly, indefensible. Forgetting whatever disagreements the parties may have, the indisputable record reflects the following: (1) Requests for Admissions were propounded to defendant on or about September 30, 2005; (2) to this date they have never been responded to; (3) defendant received an extension of time to respond through December 21, 2005; (4) they have never been responded to; (5) since December 21, 2005, no motion has ever been filed to allow the responses to be filed; (6) there have been numerous occasions when the subject of those requests for admissions has arisen - and yet, no effort has made to either respond

to them or seek leave of Court to allow responding to them; (7) this motion has been pending for over one month and there has been no attempt to respond to the requests for admissions; and, finally, (8) defendant has filed a response to this motion arguing why the requests for admissions should not be deemed admitted - and still there has been no effort to respond to them and nothing in the response indicating any intent or desire to respond to them.

Unhappily, this Court must conclude that if there ever was a record that suggested a willful and deliberate disregard of propounded Requests for Admissions, this is it. Making this conclusion even easier to reach is the staggering fact that no reason is even given for these actions by defendant, much less reasons that might mitigate the circumstances.

Defendant's response suggests that because "within days, [plaintiff] will have the opportunity to obtain testimony on issues germane to this action and the Requests for Admission ..." (page 1 of the response), the motion should be denied. That argument is insulting - to plaintiff and to the Court. It completely ignores FRCP 36 as well as a previous order of the Court to answer same. The discovery cutoff is January 12, 2007. The deposition in question, according to defendant, is all that is needed for plaintiff to proceed. Fortunately or unfortunately, defendant does not get to set the parameters of the discovery for plaintiff.

Secondly, and finally, defendant offers the excuse that granting this motion will defeat a trial on the merits...perhaps remembering this Court's strong preference for same. This "cure all" argument, standing alone, is without legal or professional support. Defendant's positions, if accepted, would eviscerate FRCP 36, and by analogy, all the rules of discovery. This court has never granted the relief sought by plaintiff herein...and has never seen a record that would call for such relief until this case.

There remains, however, one lingering issue, and that is the question of prejudice. The Court agrees with defendant that plaintiff's efforts to show prejudice are significantly lacking. The only place this matter is addressed is, as noted by defendant, in page 9 of the motion wherein plaintiff states "Canonlat altered its discovery plan and intends to rely, in part, upon the unanswered Requests for Admission for summary judgment purposes, and, if necessary, trial."

The matter is again addressed in the reply. Plaintiff states it will be "substantially prejudiced" if this motion is not granted (page 5 of the reply) because: (1) it has relied on them being admitted; (2) this case is now 22 months old and the discovery cut-off date has passed (page 6 of the motion)[1]; (3) "it may face proof problems" (id.). These vague and conclusory statements are not persuasive. However, there are other specifics raised in the reply (see Reply p. 6).

In order for Lantech to be able to respond to the statements made in Canonlat's Verified Reply (i.e., its response to Lantech's motion to withdraw), and because this Court is considering the severe sanction being sought, a hearing will be held at which time the following issues will be considered:

(1)   Exactly what, if any, "admissions" were made at the recent deposition of Manuel Jimenez.

(2)   In light of these "admissions," how, if at all, will the withdrawal of the written admissions subserve the presentation of the merits? Lantech shall specifically address this issue in light of Fed.R.Civ.P. 37(c), which provides that "[i]f a party fails to admit ... the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, the requesting party may apply to the court for an order requiring the other party to pay the reasonable expenses incurred in making that proof, including reasonable attorneys fees."

---

[1] The discovery cutoff is not in stone. It would be ludicrous to think that the Court would allow these admissions to be withdrawn at this point and not allow plaintiff to get prepared for a trial on the merits ...though the Court does recognize that plaintiff would prefer the case not be continued.

(3) How, if at all, will Canonlat be prejudiced by the withdrawal of the written admissions, particularly in light of the Manuel Jimenez deposition?

(4) What other sanctions, if any, would be appropriate.[2]

Therefore for the reasons stated, and the Court being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** that said motion, to the extent it seeks sanctions, be and the same is hereby **GRANTED**. The aforementioned hearing on that matter, as well as Lantech's motion to withdraw admissions, will be held on **Thursday, February 15, 2007, at 2:30 P.M. in the U.S. District Court, Courtroom VIII, 300 N.E. 1st Ave., Miami, Florida.**

**DONE AND ORDERED** this 25th day of January, 2007 at Miami, Florida.

STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE

---

[2] Plaintiff seeks the "sanction" of deeming the requests for admissions admitted and fees, costs, etc. The Court deems the latter as "sanctions on sanctions" and will likely not consider doing both.