05-20297.om

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 05-20297-CIV-COOKE

THIS IS A CONSENT CASE

CANON LATIN AMERICA, INC.,

   Plaintiff,

vs.

LANTECH (CR), S.A.,

   Defendant.

_____/

## ORDER DENYING MOTION FOR STAY PENDING APPEAL

**This matter** is before this Court on Defendant's Motion for Stay Pending Appeal..., filed August 1, 2007. The Court has considered the motion, the response, and all pertinent materials in the file. This motion actually underscores the reason for the ruling in this case.

Defendant requests, pursuant to Fed.R.Civ.P. 62(c) that this Court stay its order which granted a permanent injunction in favor of Plaintiff and enjoined Defendant from taking any action in furtherance of the litigation in Costa Rica, during the pendency of the appeal. The factors this Court must consider in ruling on this motion are: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. Hilton v. Braunskill, 481 U.S. 770, 776 (1987).

The Court initially finds that Defendant has not made a strong showing that it is likely to succeed on the merits. Although Defendant will ask for clarification by the Eleventh Circuit of the proper test to apply when issuing an anti-suit injunction, this Court based its decision on what it

believes to be binding law from the former Fifth Circuit. Furthermore, the Court found that Plaintiff was entitled to relief even if the Court were to following the restrictive approach. With respect to the application of the forum selection clause, the Court applied established law from the Eleventh Circuit on that issue.

The Court further rejects Defendant's argument that it will be irreparably injured absent a stay because it will be forced to dismiss its Law 6209 claim and therefore be without a remedy. Defendant states that "at the summary judgment hearing held on June 28, 2007, the Court intimated that Lantech does not even have the choice of instituting the Public Law 6209 claim in Florida because Article 7 of Public Law 6209 deprives this Court of jurisdiction over the claim." Mot. p. 4. However, in its subsequent Order the Court found that Article 7 was not jurisdictional, but rather was a venue provision.

Defendant additionally argues that its claim will be barred due to the two year statute of limitations. In its Response, Plaintiff has "agree[d] to the tolling of the statute of limitations on Lantech's Law 6209 claim from the date that Lantech has the Costa Rica court dismiss the claim until ten (10) business days after any order the United States Court of Appeals issues, which may permit the re-filing of any such claim." Resp. p. 7. Even if Plaintiff were not to so stipulate, Defendant never made an attempt to bring the Law 6209 claim in this case, even though it had the opportunity to and the forum selection clause mandated that it do so. Defendant was not forced to file its action in Costa Rica - it unilaterally chose to, and in so doing deliberately and intentionally ignored the clear provisions of the contract it knowingly entered into. Now claiming it may be irreparably harmed because it did not bring that claim in this case, Defendant, if correct, has created its own irreparable harm.

Defendant has further failed to show that Plaintiff will not be harmed if the Court stays the injunction, given the existence of the $1 million bond still in place in the Costa Rica action. Defendant argues that such a stay will only last for a short period of time because it intends to move to consolidate this appeal with that already pending before the Eleventh Circuit and scheduled for oral

2

argument on October 3, 2007. However, Plaintiff notes that such a motion would be procedurally improper because the prior appeal has been rendered moot by the entry of the order granting a permanent injunction, see Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc., 527 U.S. 308, 314 (1999), and that on July 20, 2007 it filed a motion to dismiss the prior appeal. Therefore, the current deadlines will, in all likelihood, no longer apply.

Finally, the Court finds that the public interest would not be served by the stay. If this Court were to reach any other conclusion in this case, it could have the effect of virtually eviscerating the reliance companies in this country could have in contracts freely and voluntarily negotiated with companies in other countries.

Therefore, the Court being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** that the Motion to Stay is hereby **DENIED**.

**DONE AND ORDERED** this __7th__ day of August, 2007 at Miami, Florida.

STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE