UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:05-CIV-20297-STB

CANON LATIN AMERICA, INC.,

    Plaintiff,

Vs.

LANTECH (CR), S.A.,

    Defendant.

_____/

**COST JUDGMENT RE: TAXABLE COSTS**

This **matter** is before this Court on Plaintiff's Amended Bill of Costs, filed September 7, 2007. The Court has considered the motion, the response, the reply, and all pertinent materials in the file.

**BACKGROUND**

On August 1, 2007, a Final Judgment was entered for the Plaintiff. Plaintiff seeks recovery of its costs pursuant to 28 U.S.C. § 1920. Defendants have opposed the Plaintiff's Amended Bill of Costs, both on the question of entitlement and the amounts to be awarded.

**DISCUSSION - TAXABLE COSTS**

Federal Rule of Civil Procedure 54(d)(1) permits prevailing parties to receive costs other than attorney's fees. Fed. R. Civ. P. 54(d)(1). 28 U.S.C. § 1920 authorizes six categories under which costs may be taxed:"(1)Fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and

disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under § 123 of this title; (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title." 28 U.S.C. § 1920. The United States Supreme Court held that "absent explicit statutory or contractual authorization for the taxation of [costs], federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920." Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987).

### Fees of Court Reporters

In its Amended Bill of Costs, Plaintiff seeks reimbursement for court hearing transcripts totaling $477.59. Defendant objects on the grounds that the hearing transcript was not used, or necessary for use, at trial or for any purpose that would dispose of any issue. The taxation of hearing transcripts is discretionary and is governed by the language of § 1920(2), which reads "[a] judge or clerk of any court of the United States may tax as costs . . . fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Plaintiff has failed to show that the court hearing transcripts were "necessarily obtained for use in the case" as required by § 1920(2).

### Fees and Disbursement for Printing

Lacking statutory authorization pursuant to 28 U.S.C. § 1920, demonstrative evidence and exhibit costs are not taxable. See Crawford, 482 U.S. at 445 (federal courts are bound by the statutory limitations set forth in § 1920). Furthermore, the old Fifth Circuit[1] held that absent

---

[1] Decisions of the former Fifth Circuit rendered prior to October 1, 1981 are binding precedent in this circuit unless overruled by the eleventh Circuit *en banc*. Bonner v. City of

prior approval from the court, the costs of charts, models, and photographs may not be taxed. See Johns-Manville Corp. v. Cement Asbestos Products Co., 428 F.2d 1381, 1385 (5th Cir. 1970). In response to Defendant's objection over demonstrative exhibits, Plaintiff concedes that they are not taxable.

However, Plaintiff contends that the cost associated with the enlargement of a document (11x17 Color Copy) is taxable and requests that this Court amend its Amended Bill of Costs to reflect a request of $135.00. The Eleventh Circuit held that, pursuant to 28 U.S.C. § 1920(4), "'copies of paper' to mean reproductions involving paper in its various forms, and conclude[d] that because oversize documents . . . are capable of this characterization, taxation of these costs [are] not in error." Arcadian Fertilizer, L.P. v. MPW Indust. Serv., Inc., 249 F.3d 1293, 1296 (11th Cir. 2001). Therefore, this Court concludes that the Plaintiff is entitled to reimbursement for $135.00 in enlargement costs.

### Fees for Copying of Documents

Only copies of pleadings, correspondence, documents tendered to the opposing party, exhibits and documents prepared for the court's consideration, motions, and memoranda provided to the court are taxable costs. See, e.g., Fressell v. AT&T Technologies, Inc., 103 F.R.D. 111, 115-116 (N.D. Ga. 1984). Moreover, "[t]he party seeking to recover these costs must show that the copies were necessary and provided either to the court or the opposing party." Grady v. Bunzl Packaging Supply Co., 161 F.R.D. 477, 479 (N.D. Ga. 1995). Costs associated with "extra copies of filed papers, correspondence, and copies of cases" made for the "convenience, preparation, research, or records of counsel" are not taxable. Fressell, 103 F.R.D.

---

Prichard, 661 F.2d 1206 (11th Cir. 1981).

at 116. Additionally, "charges for copies of original documents possessed by the prevailing party are not taxable." Fulton Fed. Sav. & Loan Ass'n of Atlanta v. American Ins. Co., 143 F.R.D. 292, 299 (N.D. Ga. 1991).

Defendant objects to all costs submitted for copying of documents, relying on Fressell, Grady, and Fulton as its controlling authority. After thoroughly reviewing each cost submitted, this Court concludes that the Plaintiff failed to show that the copies were used for anything other than "convenience, preparation, research, or records of counsel." Fressell, 103 F.R.D. at 116. Additionally, Plaintiff failed to show that the copies were provided to the court or the opposing party in this matter. See Grady, 161 F.R.D. at 479. Therefore, Plaintiff is not entitled to recover any costs for fees related to copying of documents.

## Compensation for Translation Services

Defendant objects that the cost submitted by the Plaintiff for translation services in July 2006 contained an insufficient description. Plaintiff, in its Amended Bill of Costs, provided two invoices, which contained the date, word count, rate, and total amount for the translation service. However, Plaintiff, both in its Amended Bill of Costs and Reply, fails to identify the subject matter or reason for the translation service. This Court concludes that Plaintiff failed to sufficiently describe the translation service to assess the reasonable necessity of the service and therefore is not awarded costs for the July 2006 translation service.

Additionally, Defendant objects to a $20 courier service charge included in the January 2007 translation fees and requests that it be deducted. "Because § 1920 does not provide for the recovery of courier service costs, such costs are disallowed." Corsair Asset Mgmt. Inc., v. Moskovitz, 142 F.R.D. 347, 351 (N.D. Ga. 1992). Plaintiff conceded that the $20 courier charge

4

should not be taxed, and therefore, this Court concludes that the translation services charge for January 2007 should be reduced from $400.64 to $380.64 to reflect the deducted courier service charge.

### Authentication Costs

Defendant objects to Plaintiff's request for authentication costs, reasoning that there is no statutory authority under § 1920. Again, where § 1920 does not explicitly authorize the charge, the district court may not award costs. See Crawford, 482 U.S. at 445. Therefore, this Court concludes that authentication costs should not be taxed.

### Total Costs

This Court finds that the total costs to be awarded, in the amount of $3,364.47, are calculated as follows:

| | |
|---|---|
| Fee for Filing of Complaint | $150.00 |
| Fees of Court Reporters | $1,726.02 |
| Fees and Disbursement for Printing | $135.00 |
| Fees for Copying of Documents | $ 0.00 |
| Compensation for Translation Services | $1,353.45 |
| Authentication Costs | $0.00 |
| **Total** | **$3,364.47** |

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Amended Bill of Costs is hereby **GRANTED** in part and **DENIED** in part. The Plaintiff is hereby awarded a total sum of **$3,364.47**.

Therefore a final judgment for costs is hereby entered in favor of plaintiff and against

defendant for the sum of $3, 364.47, for which sum let execution issue.

**DONE AND ORDERED** this 31st day of October, 2007, at Miami, Florida.

                                                  STEPHEN T. BROWN
                                                U.S. MAGISTRATE JUDGE