05-20297.o19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 05-20297-CIV-COOKE

CANON LATIN AMERICA, INC.,

    Plaintiff,

vs.

LANTECH (CR), S.A.,

    Defendant.
_____/

## ORDER RE: MOTION FOR FEES AND COSTS

**This matter** is before this Court on Plaintiff...'s Motion for the Entry of an Order Fixing ...Fees and Costs..., filed July 20, 2007. The Court has considered the motion, the response, the reply and all pertinent materials in the file.

When the U.S. Supreme Court said that claims for fees "should not result in a second major litigation", they had this case in mind. See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). On July 31, 2006, this Court issued an order awarding sanctions to plaintiff for the reasonable fees and costs incurred as a result of a wasted trip to Costa Rica occasioned by defendant's actions, or more accurately, inactions. The parties have been unable to agree on a reasonable sum and the ensuing motion/response/reply threatens to exceed the fees at stake.

In terms of the "degree" of reasonableness, and not that it really matters, but the request for in excess of $100,000 in fees was, as claimed "outrageous". The offer to settle at $70,412.50 was

1

at least excessive, if not grossly so. The offer to settle at $50,000, however was at least "near the ball park" if not completely in it.

It is axiomatic that any fees to be awarded must be reasonable and follow the guidelines the Eleventh Circuit has promulgated. See, e.g., Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292 (11th Cir. 1988). It is the prevailing party's burden to justify the requested fees. Duckworth v. Whisenant, 97 F.3d 1393, 1396 (11th Cir. 1996); see, e.g., Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994). However, the Eleventh Circuit has repeatedly held that the court itself can be an expert on the question and may properly consider its own knowledge and experience in determining reasonable and proper fees. Loranger, 10 F.3d at 781.

The standards to be applied are set forth in Hensley v. Eckerhart, 461 U.S. 424 (1983).[1] The Court noted that the "starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Id. at 433.

Turning first to the hourly rate, the rate sought is not unreasonable and defendant agrees and accepts same (see page 5 of the response). Thus the real issue is the number of hours.

The problem with the parties' positions may best be illustrated by the dispute over the dollars sought for the hours allegedly spent preparing for the taking of the depositions in Costa Rica. Plaintiff seeks compensation for 75.4 hours for this time despite the fact that the largest portion of this time was spent by attorney Diaz who determined that he would be unable to go and conduct these depositions. Plaintiff attempts to circumvent this problem by claiming that "Messrs. Kaiser and

---

[1] Although Hensley involved attorney's fees under 42 U.S.C. §1988, the U.S. Supreme Court stated that "[t]he standards set forth in [Hensley] are generally applicable in *all cases* in which Congress has authorized an award of fees to a 'prevailing party.'" 461 U.S. at 433 n.7 (emphasis added).

2

Fernandez relied [in part] upon Mr. Diaz's outlines and therefore, their own preparation time was reduced". (Page 5 of the reply). Not surprisingly the "relied in part" is never quantified nor explained. Plaintiff's position was made even more ludicrous by the subsequent revelation that the one deposition that was taken, was taken by Mr. Burr, who did not rely at all on the "outdated deposition outline"...(see page 6 of the reply) though again, not surprisingly, it's never explained how or why it became outdated. If this Court were to accept plaintiff's counsel's position, then Mr. Kaiser could do what he needed to and if he couldn't go then Mr. Fernandez could and then if he couldn't go.... This is about sanctions, and defendant's sanctions should not include "penalties" for plaintiff's counsel's internal law firm decisions.

Not to be outdone, defendant cites to the Court the case of <u>Alan v. Paxson Communications Corp.</u>, 239 Fed. Appx. 475, 2007 WL 1288461 (11th Cir.), for the incredible proposition that "the court did not deem time expended in preparation for the deposition a recoverable expense" (page 4 of the response). Apparently counsel assumes that the Court will not read cited cases - that assumption would be wrong.

Citing that case for the proposition for which it was cited is, to be kind, a travesty. In the first place, the facts are so vastly different they can't even be compared. In that case the deposition had commenced and taken place for four hours. It is hard to compare a claim for fees for preparation of a deposition that never happened with one that lasted four hours! But we need not quibble over this mammoth distinction because of a more egregious omission. The party seeking sanctions never made any claim for fees for preparation!! The only claim for preparation was for preparation related to the motion for sanctions. <u>Id</u>. at 476-77.

Thus this Court, in attempting to find the <u>reasonable</u> fees and costs to be awarded, and with

3

little guidance - to be kind- from the parties, has reviewed each and every time entry to determine a reasonable number of compensable hours and the rates applicable thereto. In so doing, the Court eliminated, almost entirely, Mr. Diaz' preparation time. It found some excessiveness. It found several instances of unnecessary "double billing" - unnecessary duplication of reviews and revisions and conversations about filings related to this issue. Very few were eliminated entirely and not all were reduced. By way of example, only, there is no reason why four people had to collaborate on the hearing on the motion for sanctions. There is no reason why virtually every person in the law firm had to review the billing for fees and costs - Mr. Kaiser's review of 3/28/06 is at least the third one billed.

After consideration of same the Court finds that the reasonable sanctions to be imposed, in the form of attorneys' fees is the sum of $45,615. This is inclusive of the fees incurred for travel time as stipulated to, but exclusive of the fees for support personnel in the sum of $3,860 which was also stipulated to, for a total of $49,475.

**DONE AND ORDERED** this _6th_ day of December, 2007 at Miami, Florida.

_____
STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE

cc:   Counsel of record