05-20297.o20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 05-20297-CIV-COOKE/BROWN

CANON LATIN AMERICA, INC.,

    Plaintiff,

vs.

LANTECH (CR), S.A.,

    Defendant.
_____/

## ORDER RE: MOTION TO COMPEL DISCOVERY

**This matter** is before this Court on Plaintiff...'s Motion to Compel Discovery.., filed December 20, 2007, and Defendant's Omnibus Motion for Protective Order and Response..., filed January 15, 2008. The Court has considered the motions, the response, the replies, and all pertinent materials in the file.

The written discovery at issue was propounded on July 20, 2007, in aid of execution. This was pursuant to an Agreed Final Judgment entered March 5, 2007 (D.E. 236). As of the time of the filing of the instant motion, neither answers to the interrogatories nor responses to the requests for production, nor any objections to either, have ever been forthcoming.

The response to the motion to compel is untimely under Local Rule 7.1.C. pursuant to that rule, this may be grounds for granting the motion by default. There are additional grounds, as well.

Defendant, once again, seeks relief under Costa Rica law. Defendant would have this Court recognize that law above that of the United States, even though there is a proper United States

judgment against a defendant over whom the United States has jurisdiction. Defendant seeks to have this Court preclude the discovery, despite never properly objecting to same, despite filing an untimely response to the motion, and despite the fact the under United States law, the information sought is discoverable. Defendant cites the case of In re United States, 864 F. 2d 1153 (5th Cir. 1989) for the proposition that there can be no waiver of a privilege when the documents sought would violate enacted law. While the case so holds within its facts, it is a gross distortion to equate the "law" in that case with the Costa Rica law in this one. In that case the Federal Court held that there would be no waiver when discovery was sought that would violate federal law. Discovery is sought, and properly so, on a regular basis in federal litigation that seeks information protected under state law - and it is consistently permitted. See e.g. Hancock v. Hobbs, 967 F. 2d 462, 467 (11th Cir. 1992) (ordering discovery that violates Georgia psychiatrist - patient privilege); International Horizons, Inc. v. Committee of Unsecured Creditors, 689 F. 2d 996, 1005 (11th Cir. 1982)( ordering discovery that is in direct conflict with Georgia accountant - client privilege). Indeed, federal courts have been reluctant to recognize privileges in general. See International Horizons, Inc. v. Committee of Unsecured Creditors, at 1004. No law has been cited to support defendant's position herein - that discovery in a U.S. case - particularly in aid of execution of a validly obtained AGREED judgment - is restricted in this country by the laws of another. An attempt to conduct discovery in Costa Rica may be...and attempt to execute in Costa Rica probably is...but that's not what this issue is about.

In any event, after a review of the complete translations of the allegedly applicable Costa Rican laws, this Court finds that even if some or all are somehow applicable, they do not bar the discovery sought herein. The "snippets" of translations in the response do not come close to properly representing what the laws at issue really say (see pages 3-4 of the reply).

Finally the Court turns to the issue of the deposition of Manuel Jimenez. Despite the

exaggeration by defendant of the law that the corporation president's deposition "must" be taken in Costa Rica (page 2 of the Omnibus Motion), this Court lacks the jurisdiction to order an individual who was noticed for deposition to appear anywhere. The Court may have jurisdiction over the corporation, but this gentleman was noticed by name for a deposition.

Therefore, and the Court being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** that said motion to compel be and the same is hereby **GRANTED** as to the written discovery. Defendant shall serve answers to the interrogatories and produce the documents requested within fifteen (15) days from the date of this order. It is further **ORDERED AND ADJUDGED** that defendant shall have ten (10) days from the date of this order to show good cause - in writing - why sanctions should not be imposed for the necessity of the filing of the motion to compel under FRCP 37. The motion for protective order as it regards the place of the deposition of Mr. Jimenez, is **GRANTED**.

**DONE AND ORDERED** this 4th day of March, 2008 at Miami, Florida.

STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE

cc: Honorable Marcia G. Cooke
Counsel of record