05-20297.o30

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 05-20297-CIV-COOKE

**THIS IS A CONSENT CASE**

CANON LATIN AMERICA, INC.,

    Plaintiff,

vs.

LANTECH (CR), S.A.,

    Defendant.

_____/

### ORDER RE: PLAINTIFF'S PENDING MOTIONS

**This matter** is before this Court on Plaintiff...'s Petition for "Further Relief"...(D.E. 394),filed December 19, 2008, and Plaintiff...'s Motion to Reopen Case (D.E. 404), filed January 13, 2009.  The Court has considered the motions, the responses, the reply, and all pertinent materials in the file.  On March 2, 2009, this Court entered its order dismissing Counts I and II of the Amended Complaint in compliance with the mandate of the Eleventh Circuit.  The Court ordered further briefing on the question of how, if at all, this order would affect the pending motions and has now reviewed the responses thereto.

Plaintiff quite clearly feels the Court can reopen the case and/or grant further relief, but admits it is discretionary.  It seems, in its own way, the defendant agrees that it is discretionary but argues there is no basis to do so. In any event, if this Court were to grant plaintiff relief, under whatever "umbrella" it is called, it would be to permit a claim for damages to go forward, and the

1

damages sought would be those incurred from having to defend the litigation in Costa Rica - the very damages incurred as a result of the Eleventh Circuit permitting the case to proceed in Costa Rica.

The law is clear - at least as it pertains to statutory construction and to contracts, that interpretation that leads to absurdity is not permitted. See, e.g., Arawak Aviation, Inc. v. Indemnity Insurance Co. Of North America, 285 F.3d 954, 957 (11th Cir. 2002); CBS Inc. v. PrimeTime 24 Joint Venture, 245 F.3d 1217, 1226 (11th Cir. 2001). It is axiomatic that this statement of law would apply to mandates of appellate courts, as well.

In case law cited by plaintiff, it is clear that, while subsequent proceedings may be permitted following the mandate of an appellate court, they must not be inconsistent with the decision of the appellate court. See Jones v. St. Paul Fire & Marine Ins. Co., 108 F.2d 123, 125 (5th Cir. 1939). Likewise, they should not be inconsistent with what was intended by the mandate. See Tollett v. City of Kemah, 285 F.3d 357, 364 (5th Cir. 2002). This Court is obligated to implement not only the letter of the mandate but "the spirit" of it, as well. See United States v. Becerra, 155 F.3d 740, 753 (5th Cir. 1998). It is bound to follow the holdings of the appellate court "both express and implied." See Piambino v. Bailey, 757 F.2d 1112, 1119 (11th Cir. 1985).

Applying these principles to the mandate in this case, and considering same in the light most favorable to the plaintiff in terms of relief sought, if this Court were to allow plaintiff to proceed as it wishes and plaintiff were to be successful, it would have the effect of eviscerating the mandate of the Eleventh Circuit. What effect would the mandate have if plaintiff could be reimbursed for expenses, attorneys' fees etc. from the case in Costa Rica? And if plaintiff could be reimbursed for that under a theory of damages for breach of contract and/or sanctions for violating the forum selection clause, why not reimburse plaintiff for everything else that it incurred in Costa Rica,

including but not limited to an adverse judgment if that were the case?

In addition, the Court finds that plaintiff could have, and should have, raised these issues long before now. The lawsuit in Costa Rica was filed prior to this one. Therefore, the "damages" were being incurred in defending that case even before this lawsuit was filed. However, even though there was a claim for a declaratory decree and a claim for a breach of contract and for damages from that breach, this damage claim was never made. This Court specifically addressed that issue in its Order on Motions for Summary Judgment (D.E. 277, page 13), more than one and a half years before these motions were filed, but no effort was made to amend at that time.

Therefore, for the reasons stated herein, and the Court being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** that said motions be and the same are hereby **DENIED**.

**DONE AND ORDERED** this 19th day of March, 2009 at Miami/Dade County, Florida.

STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE

cc: Counsel of record